# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:14cv321

| | | |
|---|---|---|
| DEBRA BEVERLY and ALTON BEVERLY, | ) ) ) | |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | ORDER |
| SUGAR MOUNTAIN RESORT, INC., and SUGAR MOUNTAIN SKI RESORT, LLC, | ) ) ) ) ) | |
| Defendants. | ) ) | |

Pending before the Court is the Motion for Summary Judgment [# 18]. Plaintiffs brought this action asserting claims for negligence, negligent infliction of emotional distress, loss of consortium, and for punitive damages. Plaintiff Debra Beverly now moves for partial summary judgment as to the issue of liability on her negligence claim. The Court **DENIES** the Motion for Summary Judgment [# 18].

**I.     Legal Standard**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of

-1-

law." Fed. R. Civ. P. 56(a). The existence of some alleged factual dispute between the parties will not defeat a motion for summary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003). Rather, there must be a genuine issue of material fact. Dash v. Mayweather, 731 .3d 303, 310-11(4th Cir. 2013). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248, 106 S. Ct. 2510.

In deciding a motion for summary judgment, the Court need only consider the materials cited by the parties. Fed. R. Civ. P. 56(c)(3). Rule 56 also requires that the party cite to the particular part of material in the record. Fed. R. Civ. P. 56 (c)(1). As the advisory committee's note makes clear, the party referencing the material is required to cite to the particular part of the material that supports the party's factual position. Fed. R. Civ. P. 56(c)(1)(A) advisory committee's note to 2010 amendment. A party does not satisfy its burden under Rule 56 by generally citing to an affidavit or deposition without providing a specific citation to the particular portion of the affidavit or deposition upon which the party relies for its factual assertion. Fed. R. Civ. P. 56 (c)(1). The Court, however, may in its

discretion consider other materials in the record, which the parties did not specifically cite. Fed. R. Civ. P. 56(c)(3).

## II. Analysis[1]

In order to establish a *prima facie* case of negligence, a plaintiff must establish four elements: (1) that the defendant owed plaintiff a duty of care; (2) that defendant breached that duty; (3) that defendant's breach of duty was the actual and proximate cause of plaintiff's injury; and (4) that plaintiff suffered damage from the injury. Parker v. Town of Erwin, 776 S.E. 2d 710, 729 (N.C. Ct. App. 2015); Cucina v. City of Jacksonville, 530 S.E.2d 353, 355 (N.C. Ct. App. 2000). "Owners and occupiers of land have a duty to exercise reasonable care in the maintenance of their premises for the protection of lawful visitors." Bolick v. Bon Worth, Inc., 562 S.E.2d 602, 604 (N.C. Ct. App. 2002); see also Goynias v. Spa Health Clubs, Inc., 558 S.E.2d 880, 881 (N.C. Ct. App. 2002). In exercising reasonable care, a landowner may not unnecessarily expose a lawful visitor to the land to danger and must provide a lawful visitor with a warning of any hidden hazards of which the landowner has either express or implied knowledge. Bolick, 562 S.E.2d at 604; Waddell v. Metro. Sewerage Dist. Buncombe Cnty., 699 S.E.2d

---

[1] Rather than separately set forth the factual background, the Court has incorporated the relevant facts into its discussion of the pertinent legal issues. The Court, however, has not considered those facts that were not supported by citations to the particular portion of the cited material.

469, 472 (N.C. Ct. App. 2010). A determination of whether the landowner exercised reasonable care is "judged against the conduct of a reasonably prudent person under the circumstances." Goynias, 558 S.E.2d at 881 (internal quotation and citation omitted); Cone v. Watson, 736 S.E.2d 210, 212 (N.C. Ct. App. 2012).

A landowner, however, has no duty to warn or protect visitors from dangers or conditions that are open and obvious. Overton v. Evans Logging, Inc., 737 S.E.2d 416, 419 (N.C. Ct. App. 2013). Similarly, a landowner is not obligated to provide a warning to visitors of hazards where the visitor has equal or superior knowledge of the hazard. Bolick, 562 S.E.2d at 604. But, "'[w]hen a reasonable occupier of land should anticipate that a dangerous condition will likely cause physical harm to [a visitor], notwithstanding its known and obvious danger, the occupier of the land is not absolved from liability.'" Overton, 737 S.E.2d at 419 (quoting Lorinovich v. K Mart Corp., 516 S.E.2d 643, 646 (N.C. Ct. App. 1999)).

Plaintiff D. Beverly contends that there is no question of material fact as to whether Defendants were negligent in failing to prevent her from slipping on ice that formed on a deck at Sugar Mountain Ski Resort ("Sugar Mountain") or were negligent in failing to warn her of the potential hazard posed by the ice. Defendant, however, has set forth a number of material facts that are in dispute in this case that preclude the entry of summary judgment for Plaintiff. For example, a

genuine question of material fact exists as to whether there was a layer of ice on the deck that caused Plaintiff D. Beverley to fall. (D. Beverly Dep. 62:7-10; 63:4-20; 78:1-80:3; Barnett Dep. 68:7-69:13; Bauer Dep. 67:14-69:18.) In addition, a question of material fact exists as to whether the snow covering the deck over which Plaintiff decided to walk was a known and obvious danger. Plaintiff knew the deck was snow covered and proceeded to walk across the deck away from the railing. (D. Beverly Dep. 49:23-51:23; 76:24-77:6.) While it may be undisputed that Plaintiff D. Beverly slipped and fell while walking on a deck at Sugar Mountain, whether or not Defendants were negligent in failing to prevent her from falling or were negligent in failing to warn her of a potential hazard on the deck are questions for the jury. Because there is a genuine dispute as to numerous material facts in this case, summary judgment is inappropriate on Plaintiff D. Beverly's negligence claim. The Court, therefore, **DENIES** the Motion for Summary Judgment as to the negligence claim [# 18].

### III. Conclusion

The Court **DENIES** the Motion for Summary Judgment [# 18]. The Court **SETS** this case for the civil trial calendar beginning September 6, 2016. The Court will enter a separate order setting a date for the pretrial conference.

Signed: February 29, 2016

Dennis L. Howell
United States Magistrate Judge